1023

Leona L. SLICE and Erma S. Amick, Respondents v. Barbara J. Slice METZE, Charles R. Degnan, Jr., and Charles R. Degnan, III, a minor under the age of fourteen (14) years, of whom Barbara J. Slice Metze is also a Respondents, and Charles R. Degnan, Jr., and Charles R. Degnan, III, are the Appellants. Appeal of Charles R. DEGNAN, Jr., and Charles R. Degnan, III.

(362 S. E. (2d) 178)

Court of Appeals

*H. Ray Ham,* Cayce-West Columbia, *for appellants.*

*A. J. Dooley,* Lexington, and *W. Steven Johnson,* of *Todd & Johnson,* Columbia, *for respondents.*

Heard Sept. 16, 1987.

Decided Oct. 12, 1987.

GARDNER, Judge:

This declaratory judgment action was brought to construe the will of E. S. Slice, which, in effect, devised his estate to his wife, Leona, for life and at her death "to my living children to be equal [sic] divided between them." At the time of his death, Slice was survived by his wife, Leona, and three daughters, Erma S. Amick, Barbara J. Slice and Carey Slice Degnan. One of the daughters, Carey Slice Degnan, predeceased Leona, leaving as her heirs and distributees her husband, Charles R. Degnan, Jr., and a son Charles R. Degnan, III, (the Degnans). The appealed order held that the will devised a life estate to Leona L. Slice with the remainder interest to the three daughters contingent upon their being alive at the death of the life tenant, Leona. The Degnans appeal. We affirm.

The question presented by this case is which of two events, i. e., (1) the death of the testator or (2) the death of the life tenant must be looked to in order to determine who are to take under the will.

This interesting question, with all of the arguments here made by the Degnans, has been previously submitted to the Supreme Court in the cases of *Roundtree v. Roundtree,* 26 S. C. 450, 2 S. E. 474 (1887) and *Miller v. Rogers,* 246 S. C. 438, 144 S. E. (2d) 485 (1965).

In *Roundtree* the Supreme Court held that where a devise was to the wife for life with remainder to the surviving children, the remainder was contingent and only those children who were alive at the death of the life tenant would take under the will; the reasoning of the court was that the testator's intent to delay vesting until the death of the life

tenant was manifested by the use of the word "surviving." *Miller* held that the words "surviving" and "living" were synonymous under the circumstances of that case.

While the facts of this case are somewhat different from those presented in *Miller*, this court is bound, we hold, by *Miller;* a differentiation, if made, must be made by the Supreme Court.

For the above reasons, we hold that *Miller* is dispositive as to this appeal; the order of the circuit court is, therefore, affirmed.

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.